## Ingle *against* Homman.

Any justice of the peace has jurisdiction, upon the delivery of a transcript to him, to recover the amount of a judgment rendered by another justice who has resigned his office but retains his docket; and he may proceed by summons.

ERROR to the Common Pleas of *Dauphin* county.

Ferdinand Ingle, for the use of Leah Ettinger, against George Homman.

On the 24th of October 1818, a judgment was obtained by the plaintiff, against the defendant, before Christian Spayd, Esq., a justice of the peace of Dauphin county, residing in Middletown, for $36.60 debt, and 93 cents costs.

In 1829 Christian Spayd was appointed post-master at Middletown, and thereby vacated his office of justice of the peace.

In April 1838, the plaintiff produced to Mr Kline, Esq., a justice of the peace of the county of Dauphin, residing at Harrisburg, not in the same district in which Christian Spayd had acted, and not being the nearest justice to said Spayd, a transcript of the said judgment on which justice Kline issued a summons in debt; after hearing, justice Kline, on the 25th of April 1838, gave judgment for plaintiff $80.23, being the amount of the judgment before justice Spayd, and interest thereon, together with costs: from which the defendant appealed.

The question presented was, whether justice Kline had jurisdiction of the cause of action. The court below was of opinion that he had not; and rendered a judgment for the defendant.

*M'Clure*, for plaintiff in error. By the Act of 20th of March 1810, sec. 16, if a justice deliver his docket to another justice, it must be to the nearest one; but if he retains the docket, and gives a transcript, that may be sued before any justice. By the Act of

[Ingle v. Homman.]

20th of February 1833, the justice may "proceed in the same manner as the original justice might have done." There can be no doubt, therefore, that he might proceed by summons, especially as there is no such thing as a writ of *scire facias* by a justice provided for by the Act of Assembly. 2 *Penn. Rep.* 465; 10 *Watts* 103; 3 *Whart.* 81, 110.

*Hamilton Alricks*, for defendant in error. The action is debt on judgment. The jurisdiction of a justice is limited to contract express or implied. 8 *Serg. & Rawle* 343; 12 *Serg. & Rawle* 58; 17 *Serg. & Rawle* 369. This is neither. The justice can only proceed in the manner prescribed by the Act of Assembly; 7 *Watts* 314; that is by issuing the same process which the original justice might have done, which would have been a writ of *scire facias*, and that by the nearest justice.

The opinion of the Court was delivered by

Sergeant, J.—The Act of the 20th of February 1833, supplies and varies the provisions of the 16th section of the Act of the 20th of March 1810, and enlarges the relief in several instances, besides adding a penalty to compel the forthcoming of a justice's docket and papers.

The question before us is, whether, if a judgment be rendered before a justice of one district, and he resigns his office, a justice of another district may proceed on a transcript of the docket being delivered to him. It is contended that such proceeding can be had only before the neighbouring justice of the same district. But we think it clear the provision in relation to the neighbouring justice applies only to the case of the delivery of the docket. That must be made to the neighbouring justice of the district, and this is required for the convenience of suitors who may come from a distance, and may thereby be able easily to find the docket, and the magistrate authorized to proceed upon it. But where the docket is not delivered to any justice, but retained by the justice or his representatives, after removal, resignation, or death, and a transcript is delivered, there is no reason why the neighbouring justice only should be required to proceed upon it rather than any other justice; and the words of the Act are express, " that if any justice or alderman, having resigned, or been removed, or the legal representatives of a deceased justice or alderman, shall choose to retain the docket, he or they shall, on demand, deliver a certified transcript of any judgment or proceedings in any suit thereon, on oath or affirmation, to the party or parties interested; and the justice of the peace or alderman to whom said docket or transcript shall be delivered, shall issue process and proceed thereon in the same manner and with like effect as the original justice or alderman might have done." There is no provision that when the docket is retained the transcript shall

[Ingle v. Homman.]

be delivered to any particular justice, but that is left optional with the party obtaining it.

The proceeding here was by summons, which we think good. No *scire facias* is prescribed by the Act of 1810, though it has been considered as a very proper proceeding on a prior judgment in analogy to the proceedings in courts of common law. The summons answers the same purpose. The same judgment is rendered, and the expense of the writ is, by the fee bill, less than that of a *scire facias*.

Judgment reversed, and *venire facias de novo* awarded.